UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22883-CIV-LENARD
MAGISTRATE JUDGE P.A. WHITE

EUGENE HUNTER, JR.,                    :

    Plaintiff,                         :

v.                                     :
                                              REPORT OF
ROBERT E. MILLER, ET AL.,              :   MAGISTRATE JUDGE

    Defendants.                        :
_____

    This Cause is before the Court upon the remand from the United States Court of Appeals for the Eleventh Circuit [DE# 33] and the Amended Order of Supplemental Reference entered by the Honorable Joan A. Lenard [DE# 35].

    The plaintiff Eugene Hunter, Jr., currently incarcerated at the Jackson Correctional Institution, filed an amended pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 7]. The plaintiff is proceeding in forma pauperis. [DE# 13].

    The plaintiff named as defendants Metro-Dade[1] Police Detective Robert E. Miller and the Metro-Dade Police Department (also incorrectly referred to as the Miami-Dade County Sheriff's Office), raising the following allegations. On April 26, 2001, a convenience store was robbed. On April 30, 2001, the plaintiff was arrested for an unrelated incident and placed in federal custody. On May 11, 2001, Miller filed an affidavit in support of his application for an arrest warrant. Therein, he stated that he had presented a standard six picture photographic lineup to the victim,

---

    [1] The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department." The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

who identified the plaintiff.  (See Exh. A).  The plaintiff alleges that Miller failed to state that before he gave the victim the six picture lineup, he showed the victim a single picture depicting the plaintiff, a fact which came to light in the victim's deposition and at trial.  The plaintiff claims that he did not learn about the victim's statements in his deposition until September, 2004.  The plaintiff claims that Miller violated his Fourth Amendment rights by engaging in false arrest, unreasonable search and seizure and false imprisonment.

The Court found that these claims were barred by the applicable statute of limitations and dismissed the case. [DE# 15]. The Eleventh Circuit reversed, finding that "the evidence in the record did not demonstrate that there was no proof Hunter could present to support his claim that he is entitled to relief." [DE# 33 at 5].  The Honorable Joan A. Lenard has issued an Order finding that the Amended Complaint should proceed against Officer Miller. [DE# 35].

The plaintiff has also named the Metro-Dade Police Department as a defendant, but does not raise any allegations against this entity.  In any event, any claim against the Metro-Dade Police Department must be dismissed because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity. Eddy v. City of Miami, 715 F.Supp. 1553 (S.D.Fla.1989); DeBellis v. Kulp, 166 F.Supp.2d 255, 264 (E.D.Pa.2001).  The Metro-Dade Police Department is merely an arm of a municipality.

Based on the foregoing, an Order directing the United States Marshal to personally serve Officer Robert Miller will be entered forthwith and it is recommended that the defendant Metro-Dade Police Department be dismissed as a party to this action pursuant

2

to 28 U.S.C. §1915(e)(2)(b)(ii)[2], for failure to state a claim upon which relief can be granted.

It is so recommended at Miami, Florida, this 19th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eugene Hunter, Jr., Pro Se
      Jackson Correctional Institution
      5563 10th Street
      Malone, FL 32445-3144

---

[2] As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>    Sec. 1915 Proceedings in Forma Pauperis
>
>    * * *
>
>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    * * *
>
>    (B) the action or appeal –
>
>    * * *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.