```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 06-22883-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
```

EUGENE HUNTER, JR.,                  :

    Plaintiff,                       :

v.                                   :
                                                     REPORT OF
ROBERT E. MILLER, ET AL.,            :   MAGISTRATE JUDGE

    Defendants.                      :
_____

    This Cause is before the Court upon the plaintiff's Motion to Amend [DE# 41] and Second Amended Complaint. [DE# 42].

    On November 28, 2006, Eugene Hunter, Jr., currently incarcerated at the Jackson Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff also filed an Amended Complaint on January 31, 2007. [DE# 7]. The plaintiff is proceeding in forma pauperis. [DE# 13].

    The plaintiff named as defendants Metro-Dade[1] Police Detective Robert E. Miller and the Metro-Dade Police Department (also incorrectly referred to as the Miami-Dade County Sheriff's Office), raising the following allegations. On April 26, 2001, a convenience store was robbed. On April 30, 2001, the plaintiff was arrested for an unrelated incident and placed in federal custody. On May 11, 2001, Miller filed an affidavit in support of his application for an arrest warrant. Therein, he stated that he had presented a standard six picture photographic lineup to the victim, who identified the plaintiff. (See Exh. A). The plaintiff alleges

---

[1] The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department." The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

that Miller failed to state that before he gave the victim the six picture lineup, he showed the victim a single picture depicting the plaintiff, a fact which came to light in the victim's deposition and at trial.  The plaintiff claims that he did not learn about the victim's statements in his deposition until September, 2004.  The plaintiff claims that Miller violated his Fourth and Fourteenth Amendment rights by engaging in false arrest, unreasonable search and seizure and false imprisonment.

The Court found that these claims were barred by the applicable statute of limitations and dismissed the case. [DE# 15]. The Eleventh Circuit reversed, finding that this Court erred in dismissing the complaint as time barred because "the evidence in the record did not demonstrate that there was no proof Hunter could present to support his claim that he is entitled to relief." [DE# 33 at 5].  The Eleventh Circuit did not address the merits of the claims.  The Honorable Joan A. Lenard issued an Order finding that the Amended Complaint should proceed against Officer Miller.  [DE# 35].  A subsequent Report recommended that the Metro-Dade Police Department be dismissed as a party to this action. [DE# 36].  Judge Lenard adopted this recommendation and dismissed the Metro-Dade Police Department as a party to this action. [DE# 39].

Based on the foregoing, an Order was entered directing the United States Marshal to personally serve Officer Robert Miller. [DE# 37].  Miller was served on September 5, 2008. [DE# 44].

The plaintiff now seeks to amend to clarify his allegations against Miller, name Miller in his individual and official capacities, and add two exhibits (declarations of the plaintiff).

The Undersigned recommends that the Motion to Amend [DE# 41] be granted, and the Second Amended Complaint [DE# 42] become the Operative Complaint in this Cause only to the extent that the case

remains pending against Miller in his individual capacity. The plaintiff has specified that he intends to sue the defendant in his individual and official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity.

In sum, it is recommended that:

1. The plaintiff's Motion to Amend [DE# 41] be granted; and

2. The Second Amended Complaint [DE# 42] become the Operative Complaint in this Cause only to the extent that the case remains pending against Miller in his individual capacity.

It is so recommended at Miami, Florida, this 22nd day of September, 2008.

                                          UNITED STATES MAGISTRATE JUDGE

cc: Eugene Hunter, Jr., <u>Pro Se</u>
    DC No. M38893
    Jackson Correctional Institution
    5563 10th Street
    Malone, FL 32445-3144